UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JOSEPHINE MCALLISTER, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 11-2173 (RC) |
| | : | | |
| v. | : | Re Document No.: | 34 |
| | : | | |
| DISTRICT OF COLUMBIA, | : | | |
| | : | | |
| Defendant. | : | | |

# MEMORANDUM OPINION

### GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER AND ALTERATION OF JUDGMENT

## I. INTRODUCTION

This matter is before the Court on the plaintiffs' Motion for Reconsideration of Order and Alteration of Judgment in this Court's Opinion on March 6, 2014. *McAllister v. Dist. of Columbia*, No. 11-2173, 2014 WL 901512 (D.D.C. Mar. 6, 2014). For the reasons stated herein, plaintiff's motion shall be granted in part and denied in part.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The plaintiffs are parents of children with special needs who litigated cases against the District of Columbia Public Schools ("DCPS") under the Individuals with Disabilities Education Act of 2004 ("IDEA"), 20 U.S.C. § 1415 *et seq*. In this case, a consolidation of twenty-three separate matters, the plaintiffs are seeking attorneys' fees under the fee shifting provision of the IDEA. *Id*. §1415(i)(3)(B).[1]

---

[1] A more extensive recitation of the facts and legal framework of the IDEA may be found in the Court's previous opinion. *See McAllister*, 2014 WL 901512, at *1-2.

In the original suit, plaintiffs' sought fees in the amount of $386,139.52, plus costs and expenses for hours billed by Tyrka & Associates, LLC from 2008 to 2013. *McAllister*, 2014 WL 901512, at *1. After making specific reductions—changing faxing and hourly rates, eliminating fees for an advocate, and halving the award for two plaintiffs based on limited success in obtaining relief—this Court awarded plaintiffs $159,133.74 in attorneys' fees and costs. *Id*. at *10. The plaintiffs now move for reconsideration of this judgment on grounds that the court made a calculation error, failed to apply the firm's current hourly rates, and that recent case law supports the adoption of enhanced *Laffey* rates in determining attorneys' fees in IDEA cases.

### III. STANDARD OF REVIEW

The trial court has broad discretion in deciding whether to grant or deny a motion for reconsideration. *See, e.g.*, *Pleasants v. Ridge*, 424 F. Supp. 2d 67, 72 (D.D.C. 2006). A motion for reconsideration will only be granted if the court finds there is "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Judicial Watch, Inc. v. U.S. Dep't of Energy*, 319 F. Supp. 2d 32, 34 (D.D.C. 2004) (citations and quotations omitted). A motion to alter a judgment is "'not simply an opportunity to reargue facts and theories upon which a court has already ruled.'" *Id*. (quoting *State of New York v. United States of America*, 880 F. Supp. 37, 38 (D.D.C. 1995) (three judge panel).

### IV. ANALYSIS

#### A. The Court Will Not Apply Current Hourly Rates

In their original motion, plaintiffs argued an attorneys' fee award based on the firm's current hourly rates was appropriate. Pls.' Mot. Summ. J. 9, ECF No. 21. The plaintiffs again

raise this contention, albeit briefly, in their Motion for Reconsideration, arguing that uncontested case law dictates the application of current rates in IDEA fee cases. *See* Pls.' Mot. Recons. 2-3, ECF No. 34. However, in their original motion, plaintiffs failed to adequately meet the requisite burden of showing why those rates are appropriate here. As such, the Court finds it inappropriate to reconsider their argument now.

In their original motion, the plaintiffs' devote a mere half page to their argument that the Court should apply the firm's current hourly rate. Pls.' Mot. Summ. J. 9. It is true that some courts outside the IDEA context have acknowledged that the application of current rates when calculating attorneys' fees may be proper. *See Missouri v. Jenkins*, 491 U.S. 274, 284 (1989) ("An adjustment for delay in payment [i.e. applying current rates] is…an appropriate factor in the determination of what constitutes a reasonable attorney's fee).[2] However, plaintiffs made no effort to explain why current rates are appropriate in this case, nor did they provide examples of courts applying current rates for fee awards in other recent IDEA cases. The Court found this argument unconvincing then and refuses to entertain it now, thus any additional briefing at this stage of proceedings is inappropriate. *See Int'l Ctr. for Tech. Assessment v. Thompson*, 421 F. Supp. 2d 1, 10 n.6 (D.D.C. 2006) ("[A] motion to alter or amend [a] judgment [does not] provide the plaintiffs a second bite at the judicial apple") (citations omitted); *Judicial Watch, Inc.*, 319 F. Supp. 2d at 34 ("The purpose of a motion for reconsideration is not to repeat arguments which the Court has already found unpersuasive.") Accordingly, this Court will not adjust plaintiffs' attorneys' fee award by applying the firm's current hourly rates.

---

[2] It should be noted that *Jenkins*, cited by plaintiffs in their motion, is discussing application of current rates for attorneys' fees in a civil rights case under 42 U.S.C. § 1988. In general, compensation for a delay in payment may be more pertinent in civil rights matters given the lengthy duration of most civil rights litigation, as compared to the relatively transient nature of IDEA litigation. *See Jenkins*, 491 U.S. at 283 (noting that compensation was received several years after the services were rendered, "as it frequently is in complex civil rights litigation").

Given the Court's findings, the plaintiffs' argument regarding the inapplicability of sovereign immunity is irrelevant. *See* Pls.' Reply Mot. 1-2, ECF No. 36. But the Court notes that sovereign immunity is implicated whenever pre-judgment interest is sought against a governmental defendant. Because Plaintiffs seek current rates due to a delay in payment, they are essentially requesting pre-judgment interest, and it is an open question whether pre-judgment interest may be obtained in an IDEA case. *See, e.g.*, *Davis v. Dist. of Columbia*, 12-16 (BAH/JMF), ECF No. 31. This is a difficult and complicated issue that was not previously briefed and is certainly inappropriate to be dealt with on reconsideration. Plaintiffs have simply failed to meet their burden establishing their entitlement to current rates.

### B. Despite the Plaintiffs' Newly Proffered Caselaw, the Enhanced *Laffey* Rate is Not Applicable to Non-Complex IDEA Cases

#### 1. The *Laffey* Matrix

The *Laffey* Matrix, which was developed 25 years ago in *Laffey v. Northwest Airlines*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part and rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), is generally used to determine a reasonable hourly rate for complex federal litigation in the District of Columbia. *See Heller v. Dist. of Columbia*, 832 F. Supp. 2d 32, 40 (D.D.C. 2011). Two different versions of the *Laffey* Matrix have been used to show the prevailing market rates for complex federal litigation in the community. *See id.* One version, maintained by the United States Attorney's Office, "calculates the matrix rate for each year by adding the change in the overall cost of living, as reflected in the United States Consumer Price Index for the Washington D.C. area for the prior year." *Id.* The other version, the "enhanced *Laffey* rate," is calculated using "the legal services component ("LSI") of the CPI rather than the general CPI on which the U.S. Attorney's Office Matrix is based." *Id.*

#### 2. This Court Will Not Award the Enhanced *Laffey* Rates

Plaintiffs now contend that a recently issued opinion supports their argument regarding use of the LSI inflation adjusted *Laffey* Matrix in IDEA cases. Pls.' Mot. Recons. 3. In fee award cases, a "fee applicant's burden in establishing a reasonable hourly rate entails a showing of…the prevailing market rates in the relevant community." *Heller*, 832 F. Supp. 2d at 38 (citations omitted); *See also Covington v. Dist. of Columbia*, 57 F.3d 1101, 1109 (D.C. Cir. 1995) ("[T]he burden is on the fee applicant to produce satisfactory evidence…that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.") (quoting *Blum v. Stenson*, 465 U.S. 886, 896 (1984)). A reasonable market rate is one "adequate to attract competent counsel, but that does not produce windfalls to attorneys." *Heller*, 832 F. Supp. 2d at 48.

In this Court's previous opinion, it held that plaintiffs had failed to meet their burden to show that enhanced *Laffey* rates were the prevailing market rate for routine IDEA litigation. *See McAllister*, 2014 WL 901512, at *8.[3] The plaintiffs now allege that a recently decided case in this District, *Eley v. D.C.*, CV 11-309(BAH)(AK), 2013 WL 6092502 (D.D.C. Nov. 20, 2013), illustrates an instance in which a court awarded enhanced *Laffey* rates in an IDEA fee award case, *see* Pls.' Mot. Recons. 3, reasoning it was a "more accurate reflection of the cost of legal services both in this community and nationwide." *Id*. at 10. The Court finds plaintiffs' reliance on *Eley* unpersuasive for three reasons.

First, plaintiffs have failed to meet their burden in showing why this Court should grant their motion for reconsideration. Although the court in *Eley* does apply the enhanced *Laffey*

---

[3] Plaintiffs had provided evidence of prior settlements in which the District had agreed to pay an amount of fees based on the enhanced *Laffey* rates. *See McAllister*, 2014 WL 901512, at *8. Additionally, plaintiffs' counsel had provided an affidavit alleging several clients had paid the firm at the enhanced *Laffey* rates. *Id*. However, this Court found these affidavits failed to provide sufficient information to meet plaintiffs' burden of showing these rates represented the prevailing market rate for routine IDEA litigation in the community. *Id*.

rates, this is not an "intervening change in controlling law," which is required for a trial court to revise its decision and grant a motion for reconsideration. *See Pleasants*, 424 F. Supp. 2d at 72. The presence of a single contrary holding of a non-binding district court decision does not warrant a change in this Court's previous judgment. *See Young America's Foundation v. Gates*, 560 F. Supp. 2d 39, 49 n.4 (D.D.C. 2008) (clarifying that other district court decisions are "only persuasive, and not binding, authority"); *West Virginia Highlands Conservancy v. Johnson*, 540 F. Supp. 2d 125, 143 n.11 (D.D.C. 2008) ("[P]laintiffs' reliance on the contrary holdings of district courts is unavailing.").

Second, the decision to award enhanced *Laffey* rates in *Eley* was based partially on the nature of the case, which was more complex than the litigation in this matter. *See Eley*, 2013 WL 6092502, at *14 ("IDEA cases often involve an administrative proceeding, followed by a federal proceeding, followed by another administrative proceeding, each of which may provide an opportunity for the submission of new evidence."). Indeed, the litigation in *Eley* involved an administrative hearing, a subsequent appeal of that ruling to the district court, and a remand back to the Hearing Officer. *See id*. at 1. Unlike in *Eley*, the litigation in the present case did not rise to the level of complexity justifying enhanced *Laffey* rates, but rather "revolved around a number of routine administrative hearings, many of which involved similar claims and identifiable requests for relief. *McAllister*, 2014 WL 901512, at *9.[4]

Finally, this Court is not persuaded by the plaintiffs' citation to *Eley* applying the enhanced *Laffey* rates in the IDEA context. Rather, the Court chooses to follow the long line of

---

[4] For further evidence of the lack of complexity in the present litigation see *McAllister*, 2014 WL 901512, at *9. This Court also doubts whether the court in *Eley* would have applied the enhanced *Laffey* rates, or even the standard *Laffey* rates, in the present case: "Where the merits of an IDEA case have been resolved administratively and the litigation in federal court is limited to a dispute over attorneys' fees, courts have regarded the USAO [*Laffey*] matrix rates as inapplicable." *Eley*, 2013 WL 6092502, at *14 n.12.

6

cases holding that the USAO *Laffey* Matrix, adjusted for inflation using the local CPI, is the appropriate standard on which to base an award of attorneys' fees in an IDEA case. *See Sykes v. Dist. of Columbia*, 870 F. Supp. 2d 86, 95 (D.D.C. 2012) (rejecting enhanced *Laffey* rates because they "do[] not provide an accurate representation of District of Columbia legal fees applicable to IDEA cases"); *Baker v. D.C. Public Schools*, 815 F. Supp. 2d 102, 113 (D.D.C. 2011) (noting this Court has consistently applied the USAO's *Laffey* matrix and then applying these rates); *DL v. Dist. of Columbia*, 256 F.R.D. 239, 243 (D.D.C. 2009) (adopting USAO *Laffey* matrix because it is consistent with precedent and is more aptly based on the local community); *Rooths v. Dist. of Columbia*, 802 F. Supp. 2d 56, 62 (D.D.C. 2011) (doubting whether fees associated with IDEA litigation have risen in line with nationwide legal fees and consequently rejecting use of enhanced *Laffey* rates); *Cf. Heller*, 832 F. Supp. 2d at 48 (finding "the frequency with which the USAO *Laffey* Matrix rates are applied to be strong evidence of both their prevalence and their reasonableness"). Accordingly, we find the plaintiffs have failed to meet their burden of establishing that the enhanced *Laffey* rates, adjusted for inflation using the nationwide LSI, are the prevailing market rates for attorneys' fees in the community.

Furthermore, we believe there is ample caselaw supporting our decision to award the plaintiffs, represented by Douglas Tyrka, attorneys' fees equaling three-quarters of the *Laffey* rate. *See, e.g.*, *Sykes*, 870 F. Supp. 2d at 96 (awarding fees equal to three-quarters of *Laffey* rates in non-complex IDEA matter for Mr. Tyrka); *Huntley v. Dist. of Columbia*, 860 F. Supp. 2d 53, 60 (D.D.C. 2012) (same); *Wood v. Dist. of Columbia*, 864 F. Supp. 2d 82, 92 (D.D.C. 2012) (same); *Rooths*, 802 F. Supp. 2d at 63 (same). Given that plaintiffs have submitted an affidavit sufficiently describing Mr. Tyrka's expertise in the area of special education law, Pls.' Mot. Summ. J., Ex. 3, and that he continues to take IDEA cases after repeatedly being awarded fees at

75% of the *Laffey* rates, these rates must be sufficient to attract competent counsel. *See Heller*, 832 F. Supp. 2d at 48 (explaining a reasonable attorneys' fee award is one "adequate to attract competent counsel") (citations omitted). Accordingly, this Court believes an award of attorneys' fees at three-quarters of the *Laffey* rate is still appropriate.

### C. The Court Intentionally Did Not Apply the Statutory Fee Cap

To clarify, the Court's award does not factor in the statutory fee cap imposed by Section 814 of the Omnibus Appropriations Act, 2009, Pub. L. No. 111-8, 123 Stat. 524. While the defendant's ability to pay the award may be capped, as noted by our previous opinion, the court may nonetheless issue an opinion detailing the award in full. *See Calloway v. Dist. of Columbia*, 216 F.3d 1, 10 (D.C. Cir. 2000) (recognizing the "potential incongruity of the courts' awarding fees that [federal law] prohibits the District from paying," but concluding that "reconciling inharmonious statutory directives is Congress' responsibility, not the courts'").

### D. The Plaintiffs Should Have Been Awarded Total Fees and Costs of $171,103.70

After reviewing its calculations, this Court determined it had in fact miscalculated the correct attorneys' fee award. Due to the exclusion of fees owed for representation of plaintiff M.D.(1); an accidental two-thirds fee reduction, instead of one-half, for plaintiffs N.M. and S.S.; and inadvertently applying the next year's *Laffey* rates starting January 1st, instead of June 1st; the amount awarded to the plaintiffs in our previous opinion is inaccurate. After making the appropriate changes, this Court will alter its previous judgment and award the plaintiffs $171,103.70 in attorneys' fees.

## V.  CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for Reconsideration of Order and Alteration of Judgment shall be granted in part and denied in part.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  June 27, 2014                                              RUDOLPH CONTRERAS
                                                                              United States District Judge