**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| JOSEPHINE MCALLISTER, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 11-2173 (RC) |
| | : | | |
| v. | : | Re Document No.: | 44 |
| | : | | |
| DISTRICT OF COLUMBIA, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION FOR FEES AND COSTS**

**I. INTRODUCTION**

The Plaintiffs are the parents of children protected by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. This case is an aggregate of twenty-three separate matters. Plaintiffs initiated this action to recover attorney's fees and costs incurred while litigating claims under the IDEA. On March 6, 2014, this Court granted in part and denied in part the Plaintiffs' Motion for Summary Judgment and awarded $159,133.74 in legal fees for the successful prosecution of Plaintiffs' administrative claims. *McAllister v. District of Columbia*, 21 F. Supp. 3d 94 (D.D.C. 2014), ECF No. 32. Thereafter, Plaintiffs filed a Motion for Reconsideration, and on June 27, 2014, this Court granted in part and denied in part Plaintiffs' Motion for Reconsideration and awarded Plaintiffs $171,103.70. *McAllister v. District of Columbia*, 53 F. Supp. 3d 55 (D.D.C. 2014), ECF No. 42. Now before the Court is Plaintiffs' motion for an award of attorney's fees and costs, which seeks "fees on fees," or an award of fees and costs stemming from the prosecution of this civil action. The motion seeks fees in the

amount of $41,480.25. Upon Consideration of Plaintiffs' motion and the parties' briefs, the Court concludes that it must grant in part and deny in part Plaintiffs' motion for fees on fees.

## II. FACTUAL BACKGROUND

All twenty-three of the underlying cases involved administrative due process complaints against the District of Columbia Public Schools system ("DCPS") on behalf of students pursuant to the IDEA. *See* Pls.' Mot. Summ. J., ECF No. 21. In each administrative case, the Plaintiff in question obtained relief. *See id*. Ex. 1. All twenty-three cases were settled by the District of Columbia Office of the State Superintendent of Education Office of Review and Compliance Student Hearing Office between November 18, 2008 and September 23, 2010. *See generally id*. In the instant action, Plaintiffs filed suit collectively seeking attorney's fees and costs incurred in the 23 administrative cases.  Plaintiffs' motion for summary judgment followed on May 14, 2013.  *See* Pls.' Mot. Summ. J.

Douglas Tyrka, Esq., has represented the Plaintiffs throughout the administrative proceedings and civil litigation before this Court. His invoice of $386,139.52 in costs and fees pertaining to the administrative cases was based on hourly rates that mirrored the enhanced *Laffey* matrix, and at summary judgment Plaintiffs thus sought fees based on those hourly rates. *See* Pls.' Mem. Supp. Mot. Fees at 3, ECF No. 44. The *Laffey* matrix is prepared by the Civil Division of the United States Attorney's Office for the District of Columbia for use when a fee-shifting statute permits the recovery of reasonable attorney's fees.  *See Eley v. District of Columbia*, 793 F.3d 97, 100–01 (D.C. Cir. 2015); *see also, e.g.*, USAO Laffey Matrix—2003-2014, *available at* http://www.justice.gov/sites/default/files/usao-dc/legacy/2013/09/09/Laffey_Matrix%202014.pdf (last visited Feb. 14, 2016).  The enhanced *Laffey* Matrix—also referred to the LSI *Laffey* Matrix—"adjusts for the increases in costs for

2

legal services only." *Eley*, 793 F.3d at 101–02; *see also* Pls.' Mem. Supp. Mot. Summ. J. Ex. 4 (reproducing the enhanced *Laffey* Matrix).

On June 25, 2013, Defendant, the District of Columbia, filed a Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment. Def.'s Opp'n Pls.' Mot. Summ. J., ECF No. 22. In its opposition to Plaintiffs' motion for summary judgment, Defendant argued that Plaintiffs failed to achieve prevailing party status for purposes of an award of attorney's fees, and it disputed the reasonableness of Plaintiffs' requested hourly rates. *See id.* at 23. On March 6, 2014, this Court granted in part and denied in part the Plaintiffs' Motion for Summary Judgment, awarding a sum based on an hourly rate consisting of 75% of the applicable *Laffey* rate and reduced that overall sum by one-half. *See McAllister*, 21 F. Supp. 3d at 104, 110. The Court first concluded that Plaintiffs had offered "insufficient information to conclude that the enhanced *Laffey* rates are the market rate" for IDEA litigation and thus declined to award enhanced *Laffey* rates. *Id.* at 108. The Court then determined that: Plaintiffs had not offered sufficient evidence to establish that the complexity of the involved IDEA litigation entitled them to a fee award based on the full *Laffey* hourly rate; and that a one-half reduction of the overall sum was merited given the limited success achieved by the underlying administrative litigation. *Id.* at 110, 104. Thus, the Court explained that Mr. Tyrka would receive $307.50 per hour for work performed between 2008 and 2009, $307.50 per hour for work performed between 2009 and 2010, $315.00 per hour for work performed between 2010 and 2011, $326.25 per hour for work performed between 2011 and 2012, and $333.75 per hour for work performed between 2012 and 2013. *Id.* at 110. Thereafter, Plaintiffs filed a Motion for Reconsideration. Pls.' Mot. Recons., ECF No. 34. On June 27, 2014, this Court granted in part and denied in part Plaintiffs'

Motion for Reconsideration and awarded Plaintiffs $171,103.70, which corrected certain mathematical errors contained in the original opinion. *McAllister*, 53 F. Supp. 3d at 61.

In addition to seeking attorney's fees for the prosecution of the underlying administrative proceedings, Plaintiffs' complaint also sought to recover fees incurred while pursuing this fee-collection litigation before the Court. *See* Pls.' Mem. Supp. Mot. Fees at 2. On July 25, 2014, Plaintiffs filed the present motion for fees on fees, seeking an additional $41,480.25, including $41,040.00 for legal services performed by Mr. Tyrka and $440.25 for the costs incurred in pursuing the matter before this Court. *See* Pls.' Mot. Fees Ex. 1 at 2, ECF No. 44-1. Plaintiffs' requested hourly rate, $640 per hour, again matches the *enhanced* hourly *Laffey* rate. *See* Pls.' Mem. Supp. Mot. Summ. J. Ex. 4 (reproducing the enhanced *Laffey* Matrix); *see also* The Matrix, Laffey *Matrix*, http://www.laffeymatrix.com/see.html (last visited Feb. 14, 2016) (updated enhanced *Laffey* Matrix, reflecting $640/hour rate during the period between June 1, 2013 to May 31, 2014 for an attorney 11 to 19 years out of law school). That rate is based on Mr. Tyrka's hourly rate as of May 31, 2014, shortly before this motion was filed, rather than the respective rates that were in effect when each of the particular legal services were rendered. *See* Pls.' Mem. Supp. Mot. Fees at 4 n.1. They assert that a rate of $640.00 per hour is reasonable for Mr. Tyrka's work performed while pursuing this fee-collection litigation. Pls.' Mem. Supp. Mot. Fees at 3.

Defendant opposes the requested fees arguing that Plaintiffs' requested rate for this uncomplicated fee-collection matter is unreasonable. Defendant further notes that fees on fees awards are discretionary and that this Court's prior opinion already rejected the argued basis for applying current hourly rates (rather than historic hourly rates) in this case. *See* Def. s Opp. Pls.'

4

Mot. Fees at 2–4, ECF No. 50.  As a result, Defendant suggests that Mr. Tyrka's hourly rate should be 50% of the *Laffey* rate applicable the year his services were rendered. *See id.* at 2–3.

### III.  ANALYSIS

#### A.  Legal Standard

Under the IDEA, this Court has discretion to "award reasonable attorney's fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability" in an administrative proceeding. 20 U.S.C. § 1415(i)(3)(B)(i)(I). "Parties who prevail at the administrative level can also recover fees-on-fees, as our general rule is that the court may award additional fees for 'time reasonably devoted to obtaining attorney's fees.'" *Kaseman v. District of Columbia*, 444 F.3d 637, 640 (D.C. Cir. 2006) (quoting *Envtl. Def. Fund v. EPA*, 672 F.2d 42, 62 (D.C. Cir. 1982)). Typically, courts will begin to determine the reasonableness of attorney's fees by considering "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Jackson v. District of Columbia*, 696 F. Supp. 2d 97, 101 (D.D.C. 2010) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The plaintiff bears the burden of establishing the reasonableness of any fee requests, including the reasonableness of both the hourly rate and the number of hours spent on any particular task. *See In re North (Bush Fee Application)*, 59 F.3d 184, 189 (D.C. Cir. 1995). A plaintiff may do so by submitting evidence on at least three fronts: "the attorneys' billing practices; the attorneys' skill, experience, and reputation; and the prevailing market rates in the relevant community." *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995). Once the plaintiff has provided such information, a presumption arises that the hours billed are reasonable and the burden shifts to the defendant to rebut the plaintiff's showing. *Id.* at 1109–10. However, if both parties fail to present satisfactory evidence demonstrating that their hourly rates

are reasonable, the court may determine the amount of that rate by reference to the *Laffey* Matrix. *See Rooths v. District of Columbia*, 802 F. Supp. 2d 56, 62 (D.D.C. 2011).

### B. Reasonableness of Hourly Rate

Plaintiffs seek reimbursement for Mr. Tyrka's fees in this litigation at a rate of $640.00 per hour. Pls.' Mem. Supp. Mot. Fees at 3. Plaintiffs contend that these hourly rates are appropriate because they are consistent with the market rate and "the complexities of this case." *Id.* at 3–4. Plaintiffs have identified two cases in this Court where Judges have used the *Laffey* matrix to determine fee rates in IDEA cases. *Id.* at 4 (citing *Thomas v. District of Columbia*, 908 F. Supp. 2d 233, 248–49 (D.D.C. 2012); *Fisher v. Friendship Pub. Charter Sch.*, 880 F. Supp. 2d 149, 155 (D.D.C. 2012)). Plaintiffs direct the Court's attention to a number of cases supporting their contention that current hourly rates are appropriate in IDEA litigation, finding that "current rates have been awarded as a matter of course, without any objection by the District." *Id.* at 5.[1]

Defendant, on the other hand, argues that Plaintiffs' request for fees on fees at Mr. Tyrka's full current hourly rate, a rate already rejected by this Court in the context of fees

---

[1] Plaintiffs rely on *Eley v. District of Columbia*, 999 F. Supp. 2d 137 (D.D.C. 2013), as support for the argument in awarding current rates for all attorney's fees without discussion. This case is irrelevant to determining the appropriate hourly rate in the present case for two reasons. First, *Eley v. District of Columbia.* dealt with fees for an administrative case, not fees on fees for litigation. *See generally id.* Second, the D.C. Court of Appeals recently vacated *Eley v. District of Columbia*, finding that the district court abused its discretion by relieving the Plaintiff of her burden of justifying the reasonableness of her counsel's hourly rate. 793 F.3d 97, 105 (D.C. Cir. 2015). Moreover, because the district court in *Eley* may have, without discussion, awarded current hourly rates to account for delay in payment, that opinion does not inform this Court with respect to the concerns it expressed when it denied reconsideration on this issue. *See McAllister*, 53 F. Supp. 3d at 57–58 ("[T]he Court notes that sovereign immunity is implicated whenever pre-judgment interest is sought against a governmental defendant. Because Plaintiffs seek current rates due to a delay in payment, they are essentially requesting pre-judgment interest, and it is an open question whether pre-judgment interest may be obtained in an IDEA case. This is a difficult and complicated issue that was not previously briefed and is certainly inappropriate to be dealt with on reconsideration." (internal citation omitted))

incurred in the underlying administrative proceedings, is inappropriate. *See* Def.'s Opp'n Pls.' Mot. Fees at 3. Defendant instead requests that the Court's award be based on 50% of the historic *Laffey* hourly rate applicable in the year services were rendered, *i.e.,* $435.00 per hour (2011-2012), $445.00 per hour (2012-2013), $450.00 per hour (2013-2014), and $460.00 per hour (2014-2015). *Id.* at 4.

The Court agrees with Defendant that the Plaintiffs' proposed full hourly rate in the context of this straightforward fee litigation is unreasonable and that 50% of the *Laffey* rate would be reasonable. The *Laffey* Matrix was originally created for use in *Laffey v. Northwest Airlines, Inc.*, and was intended to demonstrate the "prevailing rates in the community for lawyers of comparable skill, expertise and reputation in complex federal litigation." 572 F. Supp. 354, 371–72 (D.D.C.1983). The instant case, however, is not complex. Rather, this is straightforward fee litigation over an award of attorney's fees brought pursuant to the IDEA. Nothing in Plaintiffs' filings suggests that this case involved any novel or complex issues of fact or law that would make an hourly rate greater than that awarded for the underlying administrative action reasonable. *See McAllister*, 53 F. Supp. 3d at 60–61 (awarding Plaintiffs 75% of the *Laffey* rate for Mr. Tyrka's work in prosecuting the administrative claim); *see also Wright v. District of Columbia,* 883 F. Supp. 2d 132, 135 (D.D.C. 2012) (holding that where plaintiff failed to show that fee litigation was complex, "the hourly rate for fee litigation should be less than the rate for work in the underlying administrative proceeding").

Courts in this district have repeatedly found that in cases such as this one, which involve uncomplicated claims for attorney's fees brought pursuant to the IDEA, an award of 50% of the applicable *Laffey* rate is appropriate. *See e.g., Means v. District of Columbia,* 999 F. Supp. 2d 128, 136 (D.D.C. 2013) (awarding plaintiff 50% of the *Laffey* rate for fees on fees based on the

attorney's work in a fee litigation action brought pursuant to the IDEA); *Garvin v. Gov't of D.C.*, 910 F. Supp. 2d 135, 140 (D.D.C. 2012) (same); *Wright,* 883 F. Supp. 2d at 135 (same); *see also Smith v. District of Columbia*, No. 02-0373, 2005 WL 914773, at *3 (D.D.C. Apr. 18, 2005) (holding that "fee litigation is not complex federal litigation and does not necessarily entail specialized expertise and experience," and reducing counsels' requested hourly rates accordingly).

The work Mr. Tyrka documents in the invoice attached to Plaintiffs' motion appears to be routine legal work, including drafting a complaint and motion for summary judgment, and corresponding with Plaintiffs and Defendant's counsel. *See* Pls.' Mot. Fees Ex. 1. And while the Court does not foreclose the possibility that a novel or complex legal issue could arise in fee litigation, it is not typical and no such issue arose here, where the core of the parties' dispute pertained to whether Mr. Tyrka's requested hourly rate was reasonable. The straightforward nature of the fee litigation in this case thus distinguishes these proceedings and persuades the undersigned to once again join other Judges of this Court in awarding one half of the full *Laffey* rate for legal work completed in non-complex IDEA fee litigation cases. *See, e.g., Means,* 999 F. Supp. 2d at 136; *Garvin,* 910 F. Supp. 2d at 140; *Wright,* 883 F. Supp. 2d at 135–36.[2]

### C. Reasonableness of Hours Worked

The Court next considers whether the 63.25 hours of work that Mr. Tyrka has billed for the fee litigation component of this matter is reasonable. *See* Pls.' Mot. Fees Ex. 1 at 2. Although

---

[2] Plaintiffs' award will thus be calculated at the following rates: $217.50 for services rendered between June 1, 2011 to May 31, 2012 (50% of the *Laffey* rate of $435.00); $222.50 for services rendered between June 1, 2012 to May 31, 2013 (50% of the *Laffey* rate of $445.00); $225.00 for services rendered between June 1, 2013 to May 31, 2014 (50% of the *Laffey* rate of $450.00); and $230.00 for services rendered between June 1, 2014 to May 31, 2015 (50% of the *Laffey* rate of $460.00).

Defendant does not take issue with the reasonableness of the specific hours Mr. Tyrka details in his fee petition, *see generally* Def.'s Opp'n Pls.' Mot. Fees, this Court must make an independent determination regarding whether the hours set forth in the invoice are justified, *see Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982). After reviewing Mr. Tyrka's invoice, this Court concludes that the 63.25 hours set forth in the fee petition are reasonable and that no reduction is warranted based on inefficiency or any other reason that could lead to a conclusion that the time spent was excessive.[3]

### D.  Reduction Based on Limited Degree of Success

In its Opposition, the District argues that any attorney's fees awarded to Plaintiffs should be reduced because of Plaintiffs' limited success. *See* Def.'s Opp'n Pls.' Mot. Fees at 2. In their reply, Plaintiffs assert that by denying full compensation for this necessary work, the Court is exacerbating the situation of fees litigation and further chilling the representation of indigent parents and students. Pls.' Reply at 2, ECF No. 51.

The product of reasonable hours times a reasonable rate does not necessarily end the inquiry into what this Court's fees on fees award should be. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). *Hensley* provides that this Court may also consider the relationship between the "product of reasonable hours times a reasonable rate" and the "results obtained" in the underlying action. *Id.* When "a plaintiff has achieved only partial or limited success, the product of hours reasonably expanded on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 436; *see also Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 n.10 (1990) ("Because [*Hensley*] requires the district court to consider the relationship between the amount

---

[3] Plaintiffs request $560.00 for travel time based on a rate of $320.00 per hour for 1.75 hours. See Pls.' Mot. Fees Ex. 1 at 2. Although Defendant does not dispute this amount, this Court independently determines that the $320.00 fee is reasonable.

of the fee awarded and the results obtained, fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation."). As such, the Court will consider the Plaintiffs' relative degree of success in litigating fees when considering the size of fees on fees award. *Hensley*, 461 U.S. at 436.

Where a prevailing party has achieved only partial success, this Court has discretion to exercise its equitable judgment to "identify specific hours that should be eliminated, or . . . simply reduce the award to account for the limited success." *Id.* at 436–37. In the instant case, this Court awarded Plaintiffs less than 50% of its fee request for fees incurred in the underlying administrative proceedings.[4] *See McAllister*, 53 F. Supp. 3d at 61 (awarding $171,103.70 in attorney's fees when Plaintiffs sought $386,139.52 in attorney's fees). Thus, Plaintiffs have achieved only partial success in this fees litigation. This limited success is not consistent with the "excellent results" that would justify this Court awarding Plaintiffs a "fully compensatory fee." *Hensley*, 461 U.S. at 435.

Therefore, because Plaintiffs received less than 50% of their requested fees in the underlying administrative action, this Court exercises its discretion to award 50% of the reasonable fees on fees, which Plaintiffs seek in the present motion. *See id.* at 436; *see also Briggs v. District of Columbia,* 102 F. Supp. 3d 164, 171 (D.D.C. 2015); *Hirsch v. Compton Unified Sch. Dist.*, No. 12-01269, 2013 WL 1898553, at *6 (C.D. Cal. May 3, 2013) (reducing a prevailing plaintiff's fees on fees award because on the percentage of fees the plaintiff recovered in the underlying IDEA fees litigation (citing *Schwarz v. Sec'y of Health and Human Servs.*, 73 F.3d 895, 909 (9th Cir. 1995) ("[A] district court does not abuse its discretion by applying the

---

[4] Plaintiffs succeeded in supporting an award for 44% of what they had claimed.

10

same percentage of merits fees ultimately recovered to determine the proper amount of the fees-on-fees award.")).

### E. The Plaintiffs Should Be Awarded Fees of $7,351.57, and Costs of $440.25

Applying the above formula, Mr. Tyrka's fees for legal work pertaining to this fees on fees action comes to $7,351.57,[5] and Plaintiffs will recover an additional $440.25 in costs which defendant did not challenge. Thus, the total amount of Plaintiffs' fees on fees award is $7,791.82.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Fees and Costs shall be **GRANTED IN PART AND DENIED IN PART**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  February 16, 2016                                              RUDOLPH CONTRERAS
                                                                       United States District Judge

---

[5] This fee amount was calculated using the rates identified in note 2, *supra*, as follows: $2,066.25 for Mr. Tyrka's legal work between June 1, 2011 and May 31, 2012 (9.5 hours at $217.50 per hour); plus $3,393.13 for Mr. Tyrka's legal work between June 1, 2012 and May 31, 2013 (15.25 hours at $222.50 per hour); plus $7,706.25 for Mr. Tyrka's legal work between June 1, 2013 and May 31, 2014 (34.25 hours at $225.00 per hour); plus $977.50 for Mr. Tyrka's legal work between June 1, 2014 and May 31, 2015 (4.25 hours at $230.00 per hour); plus $560.00 for Mr. Tyrka's travel time (1.75 hours at a rate of $320.00 per hour). Those values yield an initial fee award of $14,703.13. Reduced by 50% for degree of success, Plaintiffs total fee award is: $7,351.57.